IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOY ODOM and CLAVIN ODOM | ) | C.A. No: 26av99999 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| UNITED STATES OF AMERICA, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| GENESIS HEALTHCARE, INC., | ) | |
| PETER P. O'KELLY, MD | ) | |
| MCLEOD REGIONAL MEDICAL | ) | |
| CENTER OF THE PEE DEE, | ) | |
| JOHN DOE and DOE CORPORATION | ) | |
| Defendants. | ) | |

Plaintiffs above named allege and show as follows:

1.    Plaintiff Joy Odom is a citizen and resident of the state of South Carolina County of Lancaster

2.    Plaintiff Clavin Odom is a citizen and resident of the state of South Carolina County of Lancaster

3.    Plaintiffs Joy Odom and Clavin Odom are husband and wife.

4.    Upon information and belief, Defendant United States Department of Health and Human Services is an agency of the Defendant United States of America (collectively "the Government"), which pursuant to 42 U.S.C. Sect. 2901, *et seq.* provides community healthcare services to citizens in underserved rural areas through the operation of federally funded Public Health Service Entities,

including the Defendant Genesis HealthCare, Inc., for whose actions and conduct the Government is legally responsible.

5. Defendant Genesis Healthcare, Inc. is a business organized and existing pursuant to the laws of South Carolina with its principal place of business in Florence, South Carolina. Genesis Healthcare, Inc. is a Federally Qualified Health Center pursuant to 42 U.S.C. sect. 254b, deemed to be a Public Health Service employee pursuant to 42 U.S.C. sect. 233(g)-(n), making personal injury claims against Genesis Healthcare, Inc. subject to the provisions of the Federal Tort Claims Act, 28 U.S.C. Sec. 2672. Genesis Healthcare, Inc. is a federally funded community healthcare facility providing a variety of healthcare services in the Pee Dee Region of South Carolina.

6. Upon information and belief, Defendant Peter P. O'Kelly is a citizen and resident of Florence County, South Carolina and at all times relevant herein was acting as the actual or apparent agent, servant, or employee of the Government with responsibility for the treatment of patients at Genesis Healthcare, Inc.

7. Defendant Genesis Healthcare, Inc., at all times relevant to the matter alleged herein, was acting as the actual and apparent principal and master of Peter P. O'Kelly, MD, whose actions and conduct were at least partially controlled by Genesis, such that Genesis is legally responsible for the delicts of Dr. Peter P. O'Kelly as alleged herein.

8. Defendant McLeod Regional Medical Center of the Pee Dee, Inc. is a business existing under the laws of the State of South Carolina that operates a medical facility in Florence, South Carolina known as "McLeod Health".

9. Defendant McLeod Regional Medical Center of the Pee Dee, Inc. contracted with Peter P. O'Kelly, MD, and  was acting as the actual and apparent principal and master of  Peter P. O'Kelly, MD  whose actions and conduct was at least partially controlled by McLeod Health,  such that McLeod Health is legally responsible for the delicts of  Peter P. O'Kelly MD  as alleged herein.

10. Defendant John Doe is a person unknown to the Plaintiffs known to the Defendants, set up by the Defendants for the control, operation, and management of a joint medical care enterprise of which the Plaintiff Joy Odom was a patient at the time of the events alleged.

11. Defendant Doe Corporation is a business entity unknown to the Plaintiffs but known to the Defendants set up by the Defendants for the control, operation, and management of a joint medical care enterprise of which the Plaintiff  Joy Odom was a patient at the time of the events alleged.

<u>JURISDICTIONAL STATEMENT</u>

12.  This case and controversy arise under the Federal Tort Claims Act, 28 U.S.C. sect. 2671*, et. seq*., so that this court has the subject matter jurisdiction of the claims against the Government and Genesis Healthcare pursuant to 28 U.S.C. sect. 1346 (b)(1).

13.     The claims against Defendant McLeod Health are so related and intertwined to the claims against the Government Defendants, that jurisdiction is proper under 28 U.S.C. Sect. 1367.

14.     Venue is proper in Florence County because the acts and omissions at issue in the present action occurred in Florence County and involved the business of all the Defendants conducted in Florence County, South Carolina.

15.     Pursuant to 28 U.S.C. sect. 2675, on July 28, 2025, a Form 95 Notice of Claim was served upon the Government on behalf of Joy Odom.  On November 18, 2025 a Form 95 Notice of Clain was served upon the Government on behalf of Clavin Odom. Plaintiffs have exhausted their administrative remedies as more than six months have passed since notice of the claim.

## FACTUAL BACKGROUND

16.     In or around April of 2023, Plaintiff Joy Odom was a regular patient at Genesis Healthcare. Odom was receiving urological services at Genesis Healthcare from Defendant Dr. Peter P. O'Kelly.

17.     On April 4, 2023, Plaintiff Joy Odom underwent a lithotripsy procedure performed by Defendant Dr. O'Kelly at Defendant McLeod Regional Medical Center. Joy Odom was experiencing significant pain during her April 6, 2023 follow-up appointment with her primary care physician, Dr. McLeod. Dr. McLeod sent Joy Odom directly to the Emergency Department at McLeod Regional for further evaluation.

18. On April 6, 2023, Plaintiff was admitted to Defendant McLeod Regional Medical Center for a lithotripsy-related complication. Plaintiff was treated at McLeod Regional Medical Center by Defendant Peter P. O'Kelly and was discharged on April 8, 2023.

19. Plaintiff continued to experience pain and urinary issues following the McLeod hospitalization and sought a second opinion at Novant Health Providence Medical Center in Charlotte, North Carolina, where she was diagnosed with an accidental puncture to her right ureter, a known complication of lithotripsy.

20. Between May of 2023 and November of 2023 Plaintiff Joy Odom was receiving care and treatment related to the accidental puncture of the ureter from Novant Health Providence Medical Center Charlotte, NC with the goal of restoring the right ureters integrity and use.

21. On November 21, 2023, another effort was made at Novant to restore the integrity and use of the right ureter, but it was not successful, and Plaintiff underwent a right ureterectomy and right nephrectomy.

FOR A FIRST CAUSE OF ACTION
(Gross Negligence/Medical Negligence)

22. Plaintiffs reallege Paragraphs 1-21 as if set forth herein.

23. The Defendants established a physician patient relationship with Joy Odom.

24. The Defendants owed Joy Odom a duty of care to reasonably evaluate her condition and to diagnose and treat her condition, specifically including treatment to restore integrity and function to Joy Odom's right ureter.

25. The Defendants breached their duty of care to Joy Odom by failing to act as reasonable medical care providers would have acted under the same or similar circumstances, to wit:

   a. Delay in the treatment of a right ureter injury:

   b. Failure to recognize the ureteral injury intraoperatively or during the McLeod Regional April 6, admission:

   c. Failure to conduct procedures during the McLeod Health April 6, admission to identify and allow healing of, or repair the right ureter injury: and

   d. In such other particular as the evidence through discovery and trial may herein tend to prove or suggest.

26. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, wantonness, and departure from the professional standard of care by the Defendants and/or their agents and/or employees, Joy Odom has incurred and suffered the following:

   a. Personal injury:

   b. Pain and suffering:

   c. Mental anguish:

   d. Loss of enjoyment of life:

   e. Medical costs and expenses:

   f. other costs and expenses associated with the malpractice of the Defendants and

   g. for such other and further relief as determined by the jury that the evidence may show.

FOR A SECOND CAUSE OF ACTION
(Loss of Consortium)

27.    Plaintiffs reallege Paragraphs 1-26 as if set forth herein

28.    Plaintiffs Joy Odom and Clavin Odom are legally husband and wife.

29.    Defendants negligently and/or recklessly and with gross negligence injured Plaintiff Joy Odom.

30.    Defendants' actions proximately caused the injuries suffered by Plaintiff Joy Odom.

31.    Plaintiff Clavin Odom was denied the companionship and consortium during the period his wife Joy Odom was injured.

32.    Defendants proximately caused Plaintiff Clavin Odom's loss of consortium.

33.    The Plaintiff, Clavin Odom, is entitled to recover actual and punitive damages from the Defendants in an amount to be determined by the trier of fact.

34.    Pursuant to the Federal Tort Claims Act and S.C. Code Ann, Sects. 15-51-10 (Code 1976, as amended) Joy Odom and Clavin Odom are entitled to recover actual damages on behalf of themselves against the Defendants, jointly and severally for their injuries.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally in an amount of actual and punitive damages to be determined by the trier of fact, together with attorneys' fees, the cost of this action and for such other legal and equitable relief as the Court deems just and proper.

.

Respectfully Submitted,

By: s/Frederick J. Jekel
Frederick J. Jekel, Esq. (Fed. Bar No. 6465)
LEVENTIS & RANSOM
PO Box 11067
Columbia, SC 29211
803-765-2383
Facsimile: 803-799-1612
Fritz@J-Dlaw.com

And

David Blackwell, Esq. (SC Bar No. 16724)
DAVID BLACKWELL LAW, LLC
PO Box 2799
Lancaster, SC 29721
803 285-0255
David@Davidblackwelllaw.com